IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEVEN L. JACKSON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:09-CR-237-SCJ-LTW |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:16-CV-1851-SCJ-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, challenges under 28 U.S.C. § 2255 his judgment of conviction. (Doc. 177.)[1] Respondent filed a response in opposition to the motion, (doc. 180), and Movant filed a reply, (doc. 184). For the reasons discussed below, the undersigned finds that Movant is not entitled to relief.

I. **Background**

A grand jury indicted Movant for armed bank robbery and using a firearm during and in relation to a crime of violence, i.e., during the bank robbery. (Doc. 12.) Movant robbed the bank in April 2009 while on supervised release for a prior federal robbery conviction, and he was indicted the following month. (*Id.*)

---

[1] All citations to the record are to 1:09-cr-237-SCJ-LTW.

In September 2009, the Court granted Movant's motion to stay proceedings to determine his competency to stand trial. (Doc. 30.) In early 2010, the Court held an evidentiary hearing and determined that Movant was not competent to stand trial. (Docs. 51, 52, 55.)

After treating Movant at the Federal Medical Center, prison officials filed a certificate that Movant's competency had been restored. (Doc. 65.) The Court held another hearing and determined in early 2012 that Movant was competent to stand trial. (Docs. 77, 97.) Attorney Stephen Scarborough then replaced attorney Richard Holcomb as Movant's counsel. (Doc. 114.)

In November 2012, Movant pled guilty, without a plea agreement, to both counts of the indictment. (Doc. 145.) The Court discussed with Movant at the plea hearing all the rights he was waiving by pleading guilty, and Movant stated that he understood. (*Id.* at 5-8.) Movant told the Court no one had coerced or pressured him to plead guilty or made any promises to cause him to plead guilty. (*Id.* at 8-9.) Scarborough told the Court he did not promise Movant any particular sentence if he pled guilty. (*Id.*)

The parties discussed at the plea hearing Movant's sentencing exposure. (*Id.* at 12-14.) Respondent stated that count two of the indictment "carries a mandatory

minimum sentence of seven years if the Court is convinced that [Movant] . . . not only possessed the firearm but brandished it. . . . [T]hat sentence would have to be served consecutive to the armed bank robbery." (*Id.* at 12.) The Court then asked Movant if he understood the maximum and minimum penalties that the Court could impose, and Movant replied that he understood. (*Id.* at 13.) Movant admitted that he committed "[b]ank robbery" with "[a] gun" and told the Court he was "very" satisfied with Scarborough's representation of him. (*Id.* at 10-12.)

In June 2014, the Court conducted the sentencing hearing. (Doc. 171.) Shortly before the hearing, Scarborough filed a sentencing memorandum, (doc. 159), and a motion for downward departure based on the harsh conditions of Movant's pre-trial confinement, (doc. 156). Scarborough argued in the sentencing memorandum, and at the sentencing hearing, that Movant's mental health history warranted a departure from the advisory imprisonment range set by the U.S. Sentencing Guidelines (the "Guidelines") under Guidelines Sections 5H1.3 and 5K2.13. (Doc. 159.) Scarborough obtained Movant's prison medical records and used them to support that argument. (*Id.* at 4 n.1, 16-25.) Respondent also filed a motion for downward departure based on Movant's substantial assistance to Respondent in the prosecution of others. (Doc. 155.)

The Court began the sentencing hearing by noting that the advisory Guidelines range was 272 to 319 months' imprisonment, including the mandatory seven-year consecutive sentence on count two for brandishing a firearm. (Doc. 171 at 2-4.) Though Respondent moved to depart downward from the range by twelve months, the Court departed downward by eighteen months. (*Id.* at 12.) Scarborough then presented testimony from Movant's sister, his niece, and the mother of his sons. (*Id.* at 13-36.) Movant then addressed the Court. (*Id.* at 36-49.)

Movant and his family members described Movant's history of mental health issues, his molestation by an uncle, his being kidnaped and shot as an adult, his sexual assault by a physician at the prison during his pre-trial confinement, and the harsh and restrictive conditions of his pre-trial confinement. The Court denied Movant's motion for downward departure based on the pre-trial conditions, finding that those conditions resulted from Movant's efforts to ensure his safety and security given his cooperation with Respondent on other cases. (*Id.* at 53.)

The Court considered the sentencing factors in 18 U.S.C. § 3553(a) multiple times before and during the sentencing hearing. (*Id.* at 61.) The Court concluded that Movant had a "horrible record . . . a number of crimes of violence," had committed the armed bank robbery in this case just a few months after release from prison for similar

AO 72A
(Rev.8/82)

crimes, and Movant never expressed remorse. (*Id.* at 60-61.)  The Court sentenced Movant to 210 months' imprisonment on count one of the indictment and the mandatory consecutive 84 months on count two, for a total of 294 months' imprisonment. (*Id.* at 62.)

Movant appealed, arguing that the sentence was substantively unreasonable. (Doc. 173.)  Scarborough argued that Movant's harsh pre-trial confinement and his current mental stability warranted a lighter sentence and that the Court imposed an unreasonable sentence by not adequately accounting for those issues. (*Id.*); Appellant's Br., *United States v. Jackson*, No. 14-12983-DD (11th Cir. Oct. 6, 2014). The court of appeals disagreed and affirmed the Court's judgment. (Doc. 173.)

In his § 2255 motion, Movant asserts the following claims:

1. his guilty plea was unknowing and involuntary because Scarborough failed to investigate his long history of mental illness and obtain the proper documentation of it, prepare an insanity defense, and tell him that he would receive a sentence of seven, rather than five, years' imprisonment on count two;

2. Scarborough rendered ineffective assistance by failing to seek a sentencing departure based on the time Movant spent in isolation during pre-trial confinement, seek a sentence departure based on Movant's history of mental illness, and inform the Court that it could depart from the Guidelines because of the harsh conditions of pre-trial confinement;

3.  he suffered cruel and unusual punishment during pre-trial confinement because of the harsh, restrictive conditions and the prison physician's sexual assault of him; and

4.  Scarborough rendered ineffective assistance on appeal by failing to argue that Movant should have received a sentencing departure based on the cruel conditions of pre-trial confinement.

(Doc. 177 at 4-8, 13-35.)

## II.   Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that her counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and

6

"must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no competent lawyer would have taken the action that her lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A defendant who pled guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). But "[a] simple statement to that effect is insufficient." *Upshaw v. United States*, No. 2:07-CV-111-FTM-33DNF, 2008 WL 638261, at *2 (M.D. Fla. Mar. 5, 2008); *see Stewart v. Tucker*, No. 3:09CV452/LAC/EMT, 2011 WL 5983944, at *15 (Nov. 16, 2011) ("A conclusory, after-the-fact statement that Petitioner would not have pled guilty, without

more, is insufficient to establish prejudice under *Strickland*."), *R&R adopted by* 2011 WL 5981003 (N.D. Fla. Nov. 28, 2011). The Supreme Court clarified in *Hill* that

> [i]n many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. *This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.*

*Hill*, 474 U.S. at 59 (emphasis added). "In other words, the question of whether a defendant would have insisted upon going to trial had attorney error not occurred with respect to the guilty plea will turn in large part upon whether the defendant might reasonably have achieved a more favorable outcome had he gone to trial." *Pleas v. Sapp*, No. 4:07-CV-00292-MP-WCS, 2008 WL 3852701, at *5 (N.D. Fla. Aug. 13, 2008).

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

8

An evidentiary hearing on a claim in a § 2255 motion is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). That is the case if a movant does not proffer credible evidence in support of his allegations, i.e., if he does not identify the evidence he plans to present at a hearing and that would, if believed, entitle him to relief. *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006). It is not sufficient to merely allege facts that would support relief because "clear precedent establish[es] that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002).

### III. Analysis

Movant's first claim – that his guilty plea was unknowing and involuntary because of Scarborough's failures – is refuted by the record. Movant told the Court, under oath, that he had committed armed bank robbery, was pleading guilty freely, and had not been promised anything to plead guilty. The seven-year consecutive sentence Movant faced on count two of the indictment was discussed at the plea hearing, and Movant stated that he understood his sentencing exposure. Movant told the Court he

was very satisfied with Scarborough's performance and did not mention that he was pleading guilty because Scarborough failed to investigate his long history of mental illness or prepare an insanity defense. Movant's sworn statements at the plea hearing carry more weight than his unsupported suggestions, offered several years later, that he was ignorant of the potential sentence or wanted to contest guilt on the basis of insanity. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

The record demonstrates that Scarborough obtained Movant's medical records for the entire time he was in pre-trial confinement – 2009 to 2014 – and presented Movant's mental health issues to the Court. Those issues led to two Court hearings about whether Movant was competent to stand trial, along with the associated medical testing and treatment. Movant has not identified any evidence, in the form of medical records or otherwise, even remotely suggesting that he was insane at the time he robbed the bank in April 2009. Movant simply states that he has been diagnosed with schizophrenia and was initially found incompetent to stand trial in 2010. But

Scarborough discovered the schizophrenia diagnosis and competency issues and presented them to the Court in his arguments for a lesser sentence due to Movant's mental health.

Movant has had at least seven years – the time that has passed since his armed robbery – to obtain evidence to support his speculative assertion that he may have been insane at that time. He cannot now use § 2255 to do what he could have done years ago. *See Borden v. Allen*, 646 F.3d 785, 810 & n.31 (11th Cir. 2011) ("[T]he petitioner is, or should be, aware of the evidence to support the claim before bringing his [habeas] petition. . . . [A] habeas case is not a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim."); *Chandler*, 471 F.3d at 1363 (credible evidence supporting allegations must be presented to warrant evidentiary hearing). Movant has not shown that Scarborough rendered constitutionally deficient performance in connection with Movant's guilty plea.

Even if Movant had shown deficient performance, he has not shown prejudice. Because Movant has not identified any evidence to support his conclusory assertion of insanity, he has not shown that Scarborough would have discovered evidence that would have led him to recommend that Movant plead not guilty by reason of insanity. *See Hill*, 474 U.S. at 59. Nor has he shown that there was evidence that would have

supported an insanity defense at trial, much less that he would have prevailed on such a defense. *See id.*

Movant also has not shown prejudice because he has not even alleged that he would have stood trial absent Scarborough's alleged failures, e.g., if Scarborough had pursued an insanity defense. In his § 2255 motion, Movant does not seek a trial where he can assert an insanity defense, but only a reduced sentence. (Doc. 177 at 12.) Respondent pointed out in its response to the § 2255 motion that Movant did not allege that he would not have pled guilty absent Scarborough's alleged failures. (Doc. 180 at 21-22.) Movant's reply brief, like his § 2255 motion and initial brief, still did not contain any such allegation. (Doc. 184.) Movant has not shown prejudice.

The record also refutes Movant's second and fourth claims – that Scarborough was ineffective for not seeking a sentence departure based on Movant's restrictive pre-trial confinement and history of mental illness and for not pressing those issues on appeal. Scarborough argued in the sentencing memorandum, the motion for downward departure, and at the sentencing hearing that the Court should depart downward because of the conditions of Movant's pre-trial confinement and his mental health history. Scarborough presented at sentencing three of Movant's family members as witnesses about Movant's mental health issues and presented evidence

AO 72A
(Rev.8/82)

that Movant was sexually assaulted by a prison physician during his pretrial confinement. And Scarborough presented the Court with the law allowing for a departure based on such circumstances.[2]

Scarborough failed to persuade the Court to depart downward on those bases, but a lawyer's mere failure to prevail on a motion or argument does not amount to constitutionally ineffective assistance. *See Griffin v. United States*, 204 F. App'x 792, 795 (11th Cir. 2006) ("It is not enough to show that . . . counsel could have done more."); *Bravo-Zamora v. United States*, No. 1:11cv494-MHT, 2013 WL 4851609, at *6 (M.D. Ala. Sept. 10, 2013) ("The fact that [counsel's] arguments . . . were not

---

[2] That law is not on Movant's side, at least regarding his mental health claims. The Guidelines prohibit a downward departure from the sentencing range based on diminished mental capacity if the defendant's crime involved actual violence or a serious threat of violence. U.S. Sentencing Guidelines Manual § 5K2.13 (U.S. Sentencing Comm'n 2009). The court of appeals reversed this Court's downward departure for a defendant found to have diminished mental capacity when he committed armed robbery "because armed robbery is not a non-violent offense." *United States v. Braxton*, 19 F.3d 1385, 1386 (11th Cir. 1994) (quotation marks omitted); *see Hunter v. United States*, No. 7:15-cv-08032-LSC, 2016 WL 48166, at *3 (N.D. Ala. Jan. 5, 2016) ("[E]ven if Hunter's mental evaluations had indicated that Hunter suffered from a significantly reduced mental capacity at the time of the offenses, Attorney Luker did not act unreasonably in failing to seek a downward departure because the charged offenses [armed robbery and brandishing a firearm] involved a serious threat of violence."). At the very least, the law regarding downward departures from the Guidelines' advisory sentencing range undermines Movant's strained attempt to show that Scarborough's performance, including his extensive efforts to obtain a downward departure, was constitutionally deficient.

13

successful does not entitle [petitioner] to any relief based on this claim of ineffective assistance of counsel."). Yet that is Movant's claim: "[Movant] was deprived the effective assistance of counsel . . . when counsel failed *to obtain a Downward Departure* at Sentencing." (Doc. 177 at 26 (emphasis added).) On appeal, Scarborough again argued that Movant should have received a lesser sentence because of the harsh conditions of his pre-trial confinement. The failure of that argument on appeal, like the failure to persuade this Court, does not amount to ineffective assistance. Movant is not entitled to relief on his second and fourth claims in his § 2255 motion.

Movant's final claim is that the conditions and length of his pre-trial confinement violated his constitutional rights to due process and to be free of cruel and unusual punishment.[3] Movant cannot obtain relief under § 2255 for allegedly unconstitutional conditions of confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643-44 (2004); *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("If

---

[3] Despite titling the claim in this manner, Movant's argument in claim three focuses on downward departures based on harsh conditions of pretrial confinement. (Doc. 177 at 29-33.) As discussed above, Scarborough sought a downward departure on that basis. And as discussed below, Movant cannot pursue a claim that the Court erred in denying that request (regardless of Scarborough's performance) because the claim is procedurally defaulted.

these claims are considered in a habeas corpus context, however, this Court has held that even if a prisoner proves an allegation of mistreatment in prison that amounts to cruel and unusual punishment, he is not entitled to release."); *Sears v. Chatman*, No. 1:10-cv-1983-WSD, 2016 WL 1417818, at *23 (N.D. Ga. Apr. 8, 2016) ("Petitioner asserts only a claim concerning the conditions of his confinement . . . and, thus, his claim fall[s] outside of habeas corpus law." (quotation marks omitted)); *Ruiz v. United States*, No. 94 CR 392 LAP, 2000 WL 1029186, at *1 (S.D.N.Y. July 24, 2000) ("Section 2255 was not intended to allow litigation over the conditions of confinement. . . . Therefore, it is inappropriate for Ruiz to utilize section 2255 to complain that the Passaic County Jail conditions violated his constitutional rights."). Nor can he obtain relief under § 2255 for the length of his pretrial confinement because he has not shown, or even alleged, that he did not receive credit toward his prison sentence for all of the time he spent in pretrial confinement.

To the extent Movant claims that the Court erred in denying his motion to depart downward based on the conditions of his pretrial confinement, that claim is defaulted because he did not raise it on appeal. *See Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge"

unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error."). Ineffective assistance of counsel may constitute cause for a procedural default, but "[n]ot just any deficiency in counsel's performance will do[.] . . . [T]he assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As explained above, Movant has not shown that Scarborough rendered ineffective assistance on appeal. Movant is not entitled to relief on claim three of his § 2255 motion.

IV.  **Certificate Of Appealability ("COA")**

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. Movant has not made a substantial showing that he was denied a constitutional right.

V.   **Conclusion**

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [177] be **DENIED** and that civil action number 1:16-cv-1851-SCJ-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Respondent's motion for leave to file excess pages in its response brief [181] is **GRANTED NUNC PRO TUNC**.

SO ORDERED & RECOMMENDED this 10 day of November, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)